IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | CV 25–18–M–DLC |
| Plaintiff, | |
| vs. | OPINION and ORDER |
| MARK GRAHAM, individually and as personal representative of the ESTATE OF JANICE GRAHAM, VICTORIA HOWELL and MICHAEL HOWELL, | |
| Defendants. | |

This case arises from a fatal car accident that occurred in April 2023 in Ravalli County, Montana. Plaintiff United Financial Casualty Company, a subsidiary of the Progressive Corporation ("Progressive"), seeks a declaratory judgment that it has no liability beyond the $100,000 per person limit it has already paid to the victims of the accident—Defendants Mark Graham and the Estate of Janice Graham (collectively, "Graham")—on behalf of its insureds, Defendants Victoria and Michael Howell. Before the Court are Progressive's motion for summary judgment, (Doc. 13), and Graham's cross-motion for summary judgment, (Doc. 21). For the reasons stated below, Progressive's motion is GRANTED, and Graham's cross-motion is DENIED.

1

## BACKGROUND[1]

Progressive issued Commercial Auto Policy No. 03914142-6 (the "Policy") to Bitterroot Star, Inc., the named insured, for a policy period of September 7, 2022, through September 7, 2023. The Policy rated Victoria Howell, Michael Howell, and Michael Ives as drivers. The Policy Declaration states that the Policy covers bodily injury liability to others up to $100,000 per person and $300,000 per accident. (Doc. 16-1 at 3.) On April 2, 2023, Michael Howell was driving the insured vehicle—a 2000 Toyota 4Runner—southbound on Highway 93. He lost control of the vehicle and it collided with a northbound vehicle occupied by Mark and Janice Graham. Mark Graham sustained bodily injuries and his wife, Janice Graham, died as a result of the accident.

Graham subsequently sued Michael Howell in state court, alleging he negligently caused the accident by driving in an unsafe manner while under the influence of marijuana. The state court found Michael Howell negligent per se for failing to operate his motor vehicle in a safe and prudent manner. Following its investigation, Progressive determined that the accident was covered and that Michael Howell was liable. Progressive subsequently paid two per-person bodily injury limits of $100,000 each: one to Mark Graham for his injuries and one to the

---

[1] The facts set forth below consist of those facts which are undisputed or have been deemed substantively undisputed. (*See* Docs. 15, 20.)

Estate of Janice Graham. These payments were made without requiring a release, in accordance with Montana law as articulated in *Ridley v. Guar. National Insurance Co.*, 951 P.2d 987 (Mont. 1997) and *High Country Paving, Inc. v. United Fire & Casualty Co.*, 454 P.3d 1210 (Mont. 2019). Graham also sued Victoria Howell, alleging she caused the accident by negligently entrusting her husband with the vehicle and sending him distracting text messages while she knew he was driving under the influence of marijuana. The state court entered summary judgment in favor of Victoria Howell, finding that she could not be liable for negligently entrusting Michael Howell with a vehicle that he co-owned and she had no duty to refrain from texting him while he was driving.

On January 31, 2025, Progressive filed suit in this Court seeking a declaratory judgment that it "has no further duty to indemnify Victoria or Michael Howell under the Policy because there was only one 'accident' as defined by the Policy, and it has already tendered and paid to Mark Graham and the estate of Janice Graham two per person bodily injury liability limits." (Doc. 1 at 6.) Due to Victoria and Michael Howell's failure to respond to the Complaint, the Clerk of Court entered default judgment against the Howells pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 12.) The remaining parties, Progressive and Graham, filed cross-motions for summary judgment. (Docs. 13, 19.)  While oral argument

has been set for July 29, 2026, (Doc. 33), this matter can be resolved on the parties' written submissions. The July 29 hearing is therefore vacated.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material if they have the potential to affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). On cross-motions for summary judgment, it is the court's "independent duty to review each cross-motion and its supporting evidence . . . to determine whether the evidence demonstrates a genuine issue of material fact." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1137 (9th Cir. 2001). Each motion is therefore evaluated separately, "giving the nonmoving party in each instance the benefit of all reasonable inferences." *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1150 (9th Cir. 2016) (internal quotation marks omitted).

## DISCUSSION

The substantive law of Montana, the forum state, applies to this diversity action. *Med. Lab. Mgmt. Consult. v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). "The interpretation of an insurance contract is a question of law." *United Nat'l Inc. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1265

(Mont. 2009). "[W]hen the language of a policy is clear and explicit, the policy should be enforced as written." *Id.* Giving the words of a contract their ordinary meaning, insurance policies are strictly construed against the insurer in favor of the insured and in the favor of extending coverage. *Travelers Cas. & Sur. Co v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 474 (Mont. 2005). Ambiguous contract language is interpreted to provide coverage. *Id.* Ambiguity exists when, taken as a whole, an insurance contract is reasonably subject to two different interpretations. *Id.* Interpretive differences should be resolved from the viewpoint of a layperson untrained in law or the insurance business. *Giacomelli v. Scottsdale Ins. Co.*, 221 P.3d 666, 672 (Mont. 2009).

Progressive argues that the Policy explicitly limits liability to $100,000 per person and $300,000 per accident, the claim against Victoria Howell does not trigger additional limits, and the Policy bars stacking or multiplying limits based on additional legal theories or additional insureds. Progressive points to policy language stating that Progressive "will pay no more than the Limit of Liability shown on the declarations page... regardless of... the number of insureds involved in an accident [or] the number of claims or lawsuits arising out of an accident." (Doc. 16-1 at 21-22.)

In response to Progressive's motion for summary judgment, and through his own cross-motion for summary judgment, Graham argues that the per person

5

policy limit should apply separately to claims against Michael Howell and Victoria Howell. "Any other interpretation" of the policy limit, he argues, "would render Victoria's ownership, and her actions which led to an accident due to the use of the insured motor vehicle, uninsured." (Doc. 23 at 9.) This, according to Graham, would violate Montana Code Annotated § 61–6–103(1), which provides:

(1)    A motor vehicle liability policy must:
. . .

(b) insure the person named in the policy and any other person, as insured, using any motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of the motor vehicle

Graham also asserts that a combined policy limit for co-insureds contradicts the Policy's commitment to "pay damages, other than punitive and exemplary damages, for bodily injury... for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto." (Doc. 16-1 at 14.) According to Graham, because Victoria is an insured, Progressive must also pay damages for which she is legally responsible.

The Montana Supreme Court thoroughly and conclusively rejected Graham's statutory argument in *Infinity Insurance Co. v. Dodson*, where passengers injured in a car accident sued both the estate of the driver for negligently operating the vehicle and the owner of the vehicle for negligent entrustment. 14 P.3d 487, 489 (Mont. 2000). Searching the text and legislative

6

history of § 61–6–103, the Court could "find no evidence that the Montana Legislature ever contemplated, let alone wished to require, that the minimum limits of liability under § 61–6–103, MCA, could or should be increased depending on the number of insureds found legally liable for causing one accident." *Id.* at 497. The relevant provisions of § 61–6–103 have not substantively changed since the *Dodson* decision, *Compare id.* at 493 *with* Mont. Code Ann. § 61–6–103 (2025), and they are not violated by per person and per accident policy limits applied to multiple insureds.

Graham's contractual interpretation is no more persuasive. While the plain language of the Policy requires that Victoria be covered, this does nothing to undermine the Policy's anti-stacking provision or the per person and per accident limits on the declarations page. Finding no conflict with Montana's mandatory insurance scheme, the *Dodson* Court held that "the policy unquestionably provides an absolute cap of $50,000 in the event more than one insured is found liable for an accident in which two or more persons are injured." 14 P.3d at 492. In so concluding, the Court highlighted language in the Policy stating that "[r]egardless of the number of vehicles described on the Declarations Page, insured persons, claims or policies, or vehicles involved in the accident, we will pay no more than the limit of liability shown for this coverage on the Declarations Page for each

7

person injured in any one accident." *Id.* The anti-stacking provision here is equally clear.

The *Dodson* court also considered the meaning of the word accident. *Id.* at 493. Although it was undefined in the policy, the Court concluded that "a reasonable person in the position of an insured would understand that the term 'accident' as used throughout the policy refers to a singular event where bodily injury or property damage results from the ownership, maintenance, or use of a vehicle." *Id.* The definition contained in the Policy in this case is consistent insofar as the Policy defines accident as a "sudden, unexpected and unintended event . . . that causes bodily injury or property damage." (Doc. 16-1 at 10.) Even if Michael and Victoria Howell independently caused the accident, these independent bases of liability do not change the fact that only one accident occurred. *Compare with Crow v. Md. Cas. Co.*, 2012 WL 5874460, at *1 (D. Mont. Nov. 20, 2012) (allowing injured party to recover above the policy limit for a single accident if the injuries sustained in one accident caused a second accident).

Because *Dodson* controls, summary judgment is granted in favor of Progressive.

8

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Progressive's motion (Doc. 13) is GRANTED and Graham's cross-motion (Doc. 21) is DENIED. The Clerk is directed to enter judgment consistent with this Order.

IT IS FURTHER ORDERED that the motions hearing set for July 29, 2026 is VACATED.

DATED this 7th day of July, 2026.

Dana L. Christensen, District Judge
United States District Court

9